By the Court
 

 (Kinkade, J.).
 

 This is a proceeding in error to reverse a judgment rendered by the Court of Appeals of Cuyahoga county, 41 Ohio App., 149, 180 N. E., 554, against the plaintiff in error here, who was the relator in an action in mandamus commenced in that Court of Appeals, seeking a writ of mandamus against the respondent in that action, who is the defendant in error here.
 

 The prayer of the petition was that the respondent be ordered to receive and file in his office, as clerk of the court of common pleas, twenty petitions which the relator had tendered to the clerk for filing, and to issue a summons to the sheriff for defendants named, in the petitions respectively, and to do these acts without any advance payment of costs by relator.
 

 The clerk had refused the filing of the petitions and the issue of summons thereon without prepayment of $25 to apply on costs in each case, or security for such payment, basing his refusal, at the time, on rule No. 21 of the court of common pleas, promulgated pursuant to Section 2922, General Code, requiring such advance payment or security in all actions brought by taxpayers for the benefit of the public.
 

 The plaintiff in error here was named as plaintiff in
 
 *207
 
 each, of the actions. There were twenty different parties named as defendants, one in each case. These twenty actions thus attempted to be commenced in the court of common pleas were based entirely on Sections 9864 to 9872 (both inclusive), General Code, the Unknown Depositors Law, so called.
 

 Some of these petitions were very voluminous in character, and embraced many causes of action. For example, one of them was 83 pages in length, contained 133 causes of action, and sought to recover penalties aggregating $116,500. Total penalties sought to be recovered in the twenty actions covering 1,005 causes of action approximated $600,000.
 

 The mandamus action was submitted to the Court of Appeals on the petition, the answer, the reply, and a stipulation as to certain facts, together with a copy of one of the twenty petitions; all of the twenty petitions being in the same general form.
 

 The Court of Appeals found on all issues in favor of the respondent, denied the writ prayed for, and dismissed the action at costs of relator. The relator in that action prosecutes error here as a matter of right, claiming many debatable constitutional questions are presented.
 

 The case has been fully and ably argued on both sides, and numerous other counsel, having clients similarly situated as are the defendants in those twenty actions, have joined in the very helpful briefs filed in this case.
 

 The Unknown Depositors Law, so called, has been carried on the statutes of Ohio for about forty-four years, and yet, strange to say, neither counsel nor the court has been able to find a single case in which a recovery has been sustained under this law. Apparently the law has been wholly disregarded for this long period of time. The reason for this is not difficult to discover. All that is necessary is to read the law. Its multiple infirmities appear at once. The law through
 
 *208
 
 out is inimical to many of the plain provisions of both the State and Federal Constitutions. It is full of uncertainty and contradictions, and is wholly unenforceable as written.
 

 The Court of Appeals, 41 Ohio App., 149, at page 160, 180 N. E., 554, in a unanimous opinion, after enumerating many of the defects in the law, although by no manner of means all of them, said this about it:
 

 “As there are other defects and flaws in this statute and the statute is so uncertain in its terms, so contradictory, so unjust, and so utterly incapable of enforcement, we have no hesitancy in declaring the statute invalid and of no effect. Now if that be so, then the party filing these suits has no right to mandamus the clerk, and the court would be doing wrong to mandamus him to file them. ’ ’
 

 This court is in full accord with this statement made by the Court of Appeals.
 

 The term “unknown depositors” is a plain absurdity. The deposit, accompanied by the usual deposit slip, at once identifies the depositor and the entry on the books of the bank of this credit to the depositor preserves the evidence of his identity. True, the bank may not know at all times the exact whereabouts of all of its depositors; but the bank does know at all times who they are. The depositor cannot be both known and unknown at the same time.
 

 If mere lapse of time alone can change a known depositor into an unknown depositor, then that result must affect and embrace all the depositors alike, and it would follow that all the officers, all the stockholders, and all the employees of the bank may, by becoming depositors, become unknown depositors of their own bank, and they might witness a change, not only in the possession, but of the title as well, of their deposits by the mere lapse of time, aided by legislative enactment, and wholly without their consent. And they might also witness the impairing and destroying as well of
 
 *209
 
 the contract between the depositor and the bank, which arises out of the mutual acts of the only parties to the contract, the depositor and the bank. Surely no one will ever say that the author of the Unknown Depositors Law, so called, was lacking in either imagination or thrift.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., JoNes, Matthias, Day, AlleN and StepheNsoN, JJ., concur.