## The State, ex rel. Thompson, a Taxpayer, Appellant, v. The New York Central Rd. Co., Appellee.

(No. 389—Decided February 4, 1950.)

*Mr. Roy W. Roof, Mr. John L. Roof* and *Mr. Dwight C. Cessna,* for appellant.

*Mr. Rex W. Hanna,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hardin County sustaining a demurrer to and dismissing the petition in an action wherein the appellant, the state of Ohio, upon the relation of Marvin Thompson, a taxpayer, is designated and purports to be the plaintiff, and the appellee, The New York Central Railroad Company, a corporation, is the respondent, upon the ground that there is a defect of parties plaintiff.

In his petition, Thompson alleges that he is a resident and taxpayer of Hardin county; that the railroad company owns and has control and management of a railroad running through that county; that such company has failed and refused, for a certain specified

number of days, to construct and maintain along the line of its lands over which its railroad is operated, bordering and bounding a tract of land owned by Marvin Thompson in such county, a fence sufficient to turn livestock, although duly notified from time to time by Marvin Thompson, more than thirty days prior to the filing of the petition, of the defective condition of the fence on such line and the insufficiency thereof to turn livestock, and requested by him to properly construct and repair the same; that Thompson, as a resident taxpayer of the county, had, prior to the commencement of this action, made a demand in writing upon the prosecuting attorney of such county to institute an action against the defendant in the name of the state to recover the penalty prescribed by Section 8920, General Code, for the neglect of the defendant to construct and maintain a fence at the location mentioned; and that the prosecuting attorney had, in writing, refused to institute such action. The prayer is for judgment against defendant for the penalty prescribed in Section 8920, General Code, and interest thereon, for the use of the county, together with costs.

The sole question raised upon the record, assignments of error and briefs is whether Marvin Thompson, in his capacity as a taxpayer of Hardin county, Ohio, having made a demand on the prosecuting attorney of the county to institute an action in the name of the state to recover from the defendant the penalty prescribed by Section 8920, General Code, which demand was refused by the prosecuting attorney, may institute and maintain this action in the name of the state, against the railroad company to recover such penalty for the use of the county.

The determination of this question involves the consideration of the pertinent provisions of Sections 8920, 2921 and 2922, General Code, which are as follows:

"Sec. 8920. A company or person having the control and management of a railroad, neglecting or refusing to construct fences * * * or to keep them in repair as hereinbefore prescribed * * * shall forfeit and pay, for each and every day such company or person so refuses or neglects, a sum not exceeding fifty dollars per day, to be recovered in a civil action, in the name of the state, for the use of the county in which suit is brought."

"Sec. 2921. Upon being satisfied that funds of the county, or public moneys in the hands of the county treasurer or belonging to the county, are about to be or have been misapplied * * * or that money is due the county, the prosecuting attorneys of the several counties of the state may apply, by civil action in the name of the state, to a court of competent jurisdiction, * * * to recover, for the use of the county * * * such money due the county."

"Sec. 2922. If the prosecuting attorney fails, upon the written request of a taxpayer of the county, to make the application or institute the civil action contemplated in the preceding section, such taxpayer may make such application or institute such civil action in the name of the state, or, in any case wherein the prosecuting attorney is authorized to make such application, * * * or where for any reason the prosecuting attorney cannot bring such action a taxpayer, upon securing the cost * * * may bring such suit, or institute such proceedings, in the name of the state, and such action shall be for the benefit of the county, as if brought by the prosecuting attorney."

It will be noted that under the provisions of Section 8920, General Code, the penalty is imposed for the violation of a statutory requirement of the state to be recovered in a civil action in the name of the state for the use of the county in which suit is brought.

In this connection it will be noted also that the power of the state to impose penalties for violation of its statutory requirements is coeval with government, and the prescribing of such penalties is a legislative function (23 American Jurisprudence, 626, Forfeitures and Penalties, Section 32); that the mode in which penalties shall be enforced, whether at the suit of an individual or at the suit of the public, and the disposition that shall be made of the amount collected are merely matters of legislative discretion (23 American Jurisprudence, 627, Forfeitures and Penalties, Section 34); and that where a statute provides for a penalty and prescribes a form of remedy for its recovery, such form is exclusive. 25 Corpus Juris, 1185, Fines, Forfeitures and Penalties, Section 90, and cases cited in note 94, supporting text.

It will be noted further that the quoted provisions of Section 2921, General Code, confer on the prosecuting attorney of a county authority, in the event "money is due the county," to institute a civil action in the name of the state, in a court of competent jurisdiction, to recover for the use of the county "such money due the county"; and that the above-quoted provisions of Section 2922, General Code, prescribe that if the prosecuting attorney fails to institute such civil action upon the written application of a taxpayer of the county, such taxpayer may institute an action in the name of the state, and such action shall be for the benefit of the county as if brought by the prosecuting attorney.

Prior to the amendment of the section, now Section 2921, General Code (95 Ohio Laws, 558), incorporating and enumerating among the actions a prosecuting attorney of a county is authorized to bring and maintain on behalf of the county, actions for "any money due the county" and "to recover any such money due the county," it was held in the case of

*Gause* v. *L. S. & M. S. R. R. Co.* (1879), 2 Clev. L. Rep., 44, 4 Dec. Rep., 369, in conformity with the rules of law above mentioned, that "the state *makes* the law, *creates* the penalty, *owns* and *enforces* the collection of it, and it only can maintain an action for it, unless it has delegated the right to some one else in distinct terms to sue for and collect in his own name."

That holding was approved in the decision of the case of *State, ex rel. Millikan,* v. *Cook, Clerk,* 41 Ohio App., 149, 180 N. E., 554, affirmed, 125 Ohio St., 206, 180 N. E., 896, involving a different form of statute prescribing a pecuniary penalty, but essentially the same question, decided subsequent to the amendment of Section 2921, General Code, above mentioned, although the effect of such amendment was not considered or discussed in the opinion in the case.

It is obvious, from the rules of law and the decisions hereinbefore mentioned, that as the state by action of its Legislature imposed the penalty prescribed in Section 8920, General Code, for the violation of its statutory requirement, such penalty is due the state notwithstanding the Legislature, in the exercise of its discretion, prescribed a civil action in the name of the state, for the use of the county in which suit is brought, as the mode of its enforcement and distribution.

Such penalty does not, therefore, constitute "any money due the county," within the purview of Sections 2921 and 2922, General Code, and an action may not be instituted or maintained by a taxpayer in the name of the state to recover such penalty, as was attempted in the instant case.

For the reasons mentioned, the judgment of the Common Pleas Court is affirmed, at the costs of the appellant, Marvin Thompson.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.